JOSEPH HAYTER v. BRUNSWICK TRACTIO.< COMPANY.

Argued February Term, 1901—Decided June 10, 1901.

Plaintiff was a passenger on one of defendant's cars, and secured a transfer to another line of defendant, and was directed by the conductor who issued the transfer to take a certain car, the conductor of which informed him that the transfer was not good and asked plaintiff if he was not going to get off, and took him by the arm and roughly pulled him on to the pavement. *Held*, to justify a verdict for plaintiff.

In tort. On rule to show cause.

Before DEPUE, CHIEF JUSTICE, and Justices DIXON, COLLINS and HENDRICKSON.

For the plaintiff, *Robert Adrain* and *George S. Silzer*.

For the defendant, *Willard P. Voorhees*.

PER CURIAM.

The plaintiff was a passenger on a trolley car of the defendant, and was ejected by the conductor after he had paid his fare to a point beyond the place where he was ejected.

The facts in the case are briefly these: On the 17th of June, 1898, the plaintiff was on Hiram street, in the city of New Brunswick, and boarded one of the defendant's cars, intending to take passage for Throop avenue. He paid his fare and proceeded on towards George street to the opera house, where the cars come together. He requested a transfer from the conductor for Throop avenue. The conductor handed him a transfer, and as he approached George street the conductor came to him and said, "Mr. Hayter, get out here and take the first car coming from Metuchen." Mr. Hayter alighted and stood on the opera house corner, and in a few minutes the Metuchen car came along and turned into George street, going towards Throop avenue. The plaintiff boarded the car and

handed his transfer to the conductor, and the conductor looked at it and said, "That ticket is no good," and went into the trolley office, and came back and rang the bell and the car started on. They went as far as the post-office, and the conductor alighted and delivered some packages and came back and continued the journey, and after they had gone about two blocks further, about to the police station, the car was stopped again. Before, however, they got to the police station, when the car was first stopped at the traction company's office, the conductor said, "This ticket is no good." The plaintiff said, "Don't this car go to Throop avenue?" and the conductor said, "Yes." Then the plaintiff said, "Why can't I ride to it?" The conductor made some reply, but gave no satisfaction as to why the plaintiff could not ride that far. When they got to the police station the car stopped, and the conductor said, "Are you going to get off?" and Mr. Hayter started to say something to him when he was taken by the arm by the conductor and roughly pulled out on the pavement and injured.

At the trial a verdict was found for the plaintiff, with an assessment of damages of $250.

We think the plaintiff was lawfully on this car; that his ejection by the conductor was a wrong, and that the rule to show cause should be discharged.